**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>RANDY TEINERT; CATHY TEINERT,<br><br>    Defendants - Appellants. | No. 11-56432<br><br>D.C. No. 3:10-cv-01444-W-CAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

    Randy and Cathy Teinert appeal pro se from the district court's judgment in

an action seeking avoidance and recovery of fraudulent transfers under California

law.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the district court's denial of a motion to set aside entry of default. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). We vacate and remand.

In its order granting default judgment and denying the Teinerts' motion to set aside default, the district court "omitted any mention of the 'extreme circumstances' requirement for judgment by default." *Id*. at 1091. Its failure to do so was an abuse of discretion. *See id*. at 1091-92 (absent such extreme circumstances, judgment by default is inappropriate); *see also id*. at 1089 ("Our rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation.").

Accordingly, we vacate the entry of default judgment and remand for reconsideration in light of *Signed Personal Check No. 730*.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**